JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-00900-RGK (SPx) | Date | January 23, 2013 |
| Title | LIBERTY INS. CORP. et al v. LEDESMA & MEYER CONSTRUCTION CO., et al | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants' Motion for Summary Judgment (DE 55); Plaintiffs' Motion for Summary Judgment (DE 59)

## I. INTRODUCTION

On February 1, 2012, Liberty Surplus Insurance Corp. and Liberty Insurance Underwriters, Inc. (collectively, "Liberty") filed a Complaint against Ledesma & Meyer Construction Company, Inc. ("Ledesma"), Joseph Ledesma, and Kris Meyer (collectively, "L&M"). The Complaint alleges three claims, two for Declaratory Judgment and one for Reimbursement of Non-Covered Expenditures. On February 24, 2012, L&M filed an Answer and Counterclaim for (1) Breach of the Implied Covenant of Good Faith and Fair Dealing; (2) Breach of Contract; and (3) Declaratory Relief.

Presently before the Court are L&M's Motion for Summary Judgment and Liberty's Motion for Summary Judgment. For the reasons discussed below, the Court **denies** L&M's motion and **grants** Liberty's motion

## II. FACTUAL BACKGROUND

### A. Events Giving Rise to the Current Action

In April 2002, L&M entered into a Construction Management Contract ("Construction Contract") with San Bernardino County Unified School District ("School District") for construction work to be performed at Cesar Chavez Middle School ("Project"). Among other things, the Construction Contract specified that L&M would defend and indemnify "the Owner, its officers, employees, and agents" from all claims resulting from L&M's negligence, errors,

acts, or omissions. The Project began in June 2003, and continued into the 2006-2007 school year.

L&M hired Darold Hecht ("Hecht") and assigned him to the Project as an Assistant Superintendent in August 2003. On January 12, 2010, L&M received notice that a governmental tort claim had been filed against the School District. The claim arose out of allegations that Hecht had committed sexual acts on a 13-year old student at Cesar Chavez Middle School from October 2006 to October 2008.

The School District tendered the defense and indemnification of the claim to L&M pursuant to the Construction Contract. In May 2010, Jane JS Doe, et al, ("Doe") filed a complaint in state court naming as defendants, L&M, the School District, Hecht, and others ("Underlying Action"). The plaintiffs amended the complaint twice, adding as defendants, Joseph Ledesma and Kris Meyer. The operative complaint alleges claims for Negligence; Negligent Hiring/Retention and Supervision; Violation of the California Education Code; Violation of California Civil and Penal Codes; Intentional Infliction of Emotional Distress; Violation of 42 U.S.C. § 1983; and Battery. The Underlying Action is still currently pending.

For the relevant time period, Liberty Surplus Insurance Co. had issued L&M a commercial general liability policy ("General Policy"), and Liberty Insurance Underwriters, Inc. had issued L&M a commercial umbrella policy ("Umbrella Policy"). Crosby Insurance Inc., L&M's insurance broker, issued Certificates of Insurance stating that the School District was an additional insured. The Certificates of Insurance were issued for informational purposes only, with no authority to change the coverage provided by the policies.

Pursuant to the insurance policies, both L&M and the School District tendered their defense in the Underlying Action to Liberty. Liberty has been defending L&M under a reservation of rights, and has denied a defense to the School District on the ground that the School District was not insured under the policy. Because Liberty has denied a defense to the School District, L&M has been reimbursing and incurring defense fees on behalf of the School District, pursuant to the terms of the Construction Contract.

In the current action, Liberty seeks a declaration that (1) Liberty has no obligation to defend or indemnify L&M or the School District in relation to the Underlying Action; (2) Liberty has no obligation to reimburse any expenditures L&M has made on behalf of the School District in relation to the Underlying Action; and (3) L&M must reimburse all defense fees and costs incurred by Liberty in providing L&M a defense in the Underlying Action.

In response, L&M counterclaims that Liberty breached the General and Umbrella Policies, and well as their implied covenants of good faith and fair dealing by (1) filing its declaratory relief action, (2) refusing to indemnify and settle the Underlying Action when liability was reasonably clear; (3) refusing to defend and indemnify the School District; and (4) denying L&M the benefits it was owed under the policies.

### B. Pertinent Policy Language

The General Policy provides in pertinent part:

**SECTION 1 - COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply. . ..
> b. This insurance applies to "bodily injury" and "property damages" only if:
>    1. The "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory"; and
>    2. The "bodily injury" or "property damage" occurs during the policy period.

(Echevarria Decl., Ex. 3, General Policy, pp. 1-2.)

## III. JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is proper only upon a showing that "there is no genuine issue as to any material fact and that the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Upon such showing, the court may grant summary judgment "on all or part of the claim." Fed. R. Civ. P. 56(a).

To prevail on a summary judgment motion, the moving party must show that there are no triable issues of material fact as to matters upon which it has the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that there is an absence of evidence to support the non-moving party's case. *See id.* at 326.

To defeat a summary judgment motion, the non-moving party may not merely rely on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). The non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## IV. DISCUSSION

The parties do not dispute the facts, as stated in Section II above. Nor do they dispute the pertinent policy language. Therefore, the parties' cross-motions for summary judgment present only the following issues: (1) whether the acts giving rise to the Underlying Action were caused by an "occurrence"; and if so, (2) whether the claims against the School District are additionally covered. Because the Court answers in the negative to the first issue, as discussed below, it need not address the second.

Under a liability policy, an "insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). However, where no possibility of coverage exists, there is no duty to defend. *State Farm Fire and Casualty Co. v. The Superior Court of Orange County*, 191 Cal. App. 3d 74, 77 (1987). In determining whether there is a possibility of coverage, the Court

must construe the insurance policy by giving the words used their plain and ordinary meaning, unless the policy clearly indicates to the contrary. *Giddings v. Industrial Indemnity Co.*, 112 Cal. App. 3d 213, 218 ((1980). It is the burden of the insured to establish that the policy covers its claim. If that burden is satisfied, the burden shifts to the insurer to show that an exclusion applies. *Merced Mut. Ins. Co. v. Bobby Mendez, et al*, 213 Cal. App. 3d 41, 47 (1989).

  Pursuant to the plain and ordinary meaning of the General Policy, Liberty's duty to defend and indemnify L&M extends only to claims for bodily injury caused by an "occurrence" that takes place in the coverage territory during the policy period. The parties do not dispute that the sexual acts at issue took place in the coverage territory during the policy period. The parties do, however, dispute whether the bodily injury was caused by an "occurrence."

  According to the General Policy definitions, "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. (Echevarria Decl., Ex. 3, General Policy, p. 23.) "Accident," as used in the policy, is unambiguous. The policy does not indicate any use of the term that veers from its plain, ordinary meaning. As such, the parties clearly intended for the policy to cover claims arising out of unforeseen or unexpected injury resulting from unintentional conduct.

  In the Underlying Action, the claims against L&M result from its alleged negligent hiring, retention, supervision, and general negligence in their dealings with Hecht. L&M argues that (1) the injuries sustained by Doe were not expected by L&M; and (2) the claims alleged against L&M arise from independent negligent acts for which L&M could be liable, separate and apart from Hecht's liability for intentional tort. Therefore, the acts resulting in injury to Doe constitute an "occurrence" with respect to the claims against L&M. The Court disagrees.

  California courts have consistently drawn a distinction between the immediate circumstances that inflict injury, and the preceding negligence that sets in motion the chain of events leading to that injury. *Maples v. Aetna Cas. & Sur. Co.*, 83 Cal. App. 3d 641, 647-648 (1978) ("the term 'accident' unambiguously refers to the event causing damage, not the earlier event creating the potential for future injury."); *see also State Farm Mut. Auto Ins. Co. v. Longden*, 197 Cal. App. 3d 226, 233 (1987).

  Here, L&M's alleged negligent hiring, retention and supervision were acts antecedent to the sexual molestation that caused injury to Doe. While they set in motion and created the potential for injury, they were too attenuated from the injury-causing conduct committed by Hecht. Moreover, even if one argued that L&M's conduct of supervision and retention were not antecedent, but rather simultaneous, to the molestation, such argument is unavailing. First, the supervision and retention are still not the injury-causing acts. Second, courts have rejected the argument that the insured's intentional acts of hiring, supervising, and retaining are accidents, simply because the insured did not intend for the injury to occur. *See Foremost Ins. Co. v. Eanes*, 134 Cal. App. 3d 566, 570-571 (1982); *Merced Mut. Ins. Co. v. Bobby Mendez*, 213 Cal. App. 3d 41, 50 (1989); *American Empire Surplus Lines Ins. Co. v. Bay Area Cab Lease, Inc.*, 756 F. Supp. 1287, 1290 (N.D. Cal. 1991); *see also Delgado v. Interinsurance Exchange of the Automobile Club of Southern California*, 47 Cal. 4th 302, 315-316 (2009)

  As a result, the Court finds that Doe's injuries giving rise to the claims in the Underlying Action were not caused by an "occurrence," as defined under the General Policy. Consequently, there is no possibility for coverage, and Liberty does not have a duty to defend and indemnify L&M. Based on the same finding, even if the School District was an additional insured or otherwise covered under the General and Umbrella Policies, Liberty has no duty to defend or indemnify the School District.

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** L&M's Motion for Summary Judgment. The Court **GRANTS** Liberty's Motion for Summary Judgment. L&M shall reimburse Liberty for costs and fees expended by Liberty in the defense of L&M in the Underlying Action.

Additionally, Liberty shall file a Proposed Judgment consistent with this Order no later than **February 1, 2013**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer